DAS/TH:AAS
F.#2008R00631

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

JOSE ENCARNACION,
PEDRO FERNANDEZ,
    also known as "El Mono,"
HENRY FIORENTINO,
JOSE ANTONIO LOPEZ SANTIAGO,
    also known as "Amarante,"
█████████████████
RANDALL MARTINEZ,
    also known as "Jose Rodriguez,"
NELSON NOLASCO,
    also known as
    "Angel Soto-Caban,"
    "Antonio Ramon Perez Estinal,"
    "Manny Perez," "Menor"
    and "Menor Perez,"
FRANCISCO PRADO,
    also known as "El Viejo,"
MARCOS RODRIGUEZ,
    also known as "Markito,"
████████████
MIGUEL TAVARES,
    also known as "Lepido," and
EMMANUEL TAVAREZ,

              Defendants.
- - - - - - - - - - - - - - - X

**S U P E R S E D I N G**
**I N D I C T M E N T**

Cr. No. <u>08-242 (S-8)(SLT)</u>
(T. 21, U.S.C., §§
  841(a)(1),
  841(b)(1)(A)(i),
  841(b)(1)(A)(ii)(II),
  841(b)(1)(B)(i),
  841(b)(1)(B)(ii)(II),
  841(b)(1)(C),
  841(b)(1)(D), 846, 853(a)
  and 853(p); T. 18, U.S.C.,
  §§ 924(c)(1)(A)(i),
  924(c)(1)(A)(ii),
  924(c)(1)(A)(iii),
  924(c)(1)(C), 924(d)(1),
  981(a)(1)(C), 1951(a),
  2511(1)(b)(i), 2511(4)(a),
  2 and 3551 <u>et seq.</u>; T. 28,
  U.S.C., § 2461(c))

THE GRAND JURY CHARGES:

<u>COUNT ONE</u>
(Hobbs Act Robbery Conspiracy)

    1.    On or about and between January 1, 2001 and March

12, 2009, both dates being approximate and inclusive, within the

Eastern District of New York and elsewhere, the defendants JOSE

ENCARNACION, PEDRO FERNANDEZ, also known as "El Mono," HENRY

FIORENTINO, JOSE ANTONIO LOPEZ SANTIAGO, also known as

"Amarante," ███████████████████████████████████████████

RANDALL MARTINEZ, also known as "Jose Rodriguez," NELSON NOLASCO,

also known as "Angel Soto-Caban," "Antonio Ramon Perez Estinal,"

"Manny Perez," "Menor" and "Menor Perez," FRANCISCO PRADO, also

known as "El Viejo," MARCOS RODRIGUEZ, also known as "Markito,"

████████████████████, MIGUEL TAVARES, also known as "Lepido," and

EMMANUEL TAVAREZ, together with others, did knowingly and

intentionally conspire to obstruct, delay and affect commerce,

and the movement of articles and commodities in commerce, by

robbery, to wit: the robbery of drug traffickers and the owners,

employees and patrons of commercial establishments in New York

and elsewhere.

(Title 18, United States Code, Sections 1951(a) and 3551

et seq.)

### COUNT TWO
(Conspiracy to Distribute Heroin, Cocaine, MDMA and Marijuana)

2.   On or about and between January 1, 2001 and March

12, 2009, both dates being approximate and inclusive, within the

Eastern District of New York and elsewhere, the defendants JOSE

ENCARNACION, PEDRO FERNANDEZ, also known as "El Mono," HENRY

FIORENTINO, JOSE ANTONIO LOPEZ SANTIAGO, also known as

"Amarante," ███████████████████████████████████████████

RANDALL MARTINEZ, also known as "Jose Rodriguez," NELSON NOLASCO,

also known as "Angel Soto-Caban," "Antonio Ramon Perez Estinal," "Manny Perez," "Menor" and "Menor Perez," FRANCISCO PRADO, also known as "El Viejo," MARCOS RODRIGUEZ, also known as "Markito," ▮▮▮▮▮▮▮▮, MIGUEL TAVARES, also known as "Lepido," and EMMANUEL TAVAREZ, together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute one or more controlled substances, which offense involved (a) one kilogram or more of a substance containing heroin, a Schedule I controlled substance, (b) five kilograms or more of a substance containing cocaine, a Schedule II controlled substance, (c) a substance containing MDMA, a Schedule I controlled substance, and (d) a substance containing marijuana, a Schedule I controlled substance, contrary to Title 21, United States Code, Section 841(a)(1).

(Title 21, United States Code, Sections 846, 841(b)(1)(A)(i), 841(b)(1)(A)(ii)(II), 841(b)(1)(C) and 841(b)(1)(D); Title 18, United States Code, Sections 3551 et seq.)

## COUNT THREE
### (Use of a Firearm)

3.    On or about and between January 1, 2001 and March 12, 2009, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOSE ENCARNACION, PEDRO FERNANDEZ, also known as "El Mono," HENRY FIORENTINO, JOSE ANTONIO LOPEZ SANTIAGO, also known as

4

"Amarante," ███████████████████████████████████████

RANDALL MARTINEZ, also known as "Jose Rodriguez," NELSON NOLASCO,

also known as "Angel Soto-Caban," "Antonio Ramon Perez Estinal,"

"Manny Perez," "Menor" and "Menor Perez," FRANCISCO PRADO, also

known as "El Viejo," MARCOS RODRIGUEZ, also known as "Markito,"

█████████████████ MIGUEL TAVARES, also known as "Lepido," and

EMMANUEL TAVAREZ, together with others, did knowingly and

intentionally use and carry one or more firearms during and in

relation to (a) a crime of violence, to wit: the crime charged in

Count One, and (b) a drug trafficking crime, to wit: the crime

charged in Count Two, and did knowingly and intentionally possess

said firearms in furtherance of such crime of violence and such

drug trafficking crime, which firearms were brandished and

discharged.

(Title 18, United States Code, Sections

924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 2 and 3551

et seq.)

COUNT FOUR
(Attempted Hobbs Act Robbery)

4.   On or about and between March 1, 2006 and May 31,

2006, both dates being approximate and inclusive, within the

Southern District of New York, the defendants ███████████████

███████████████████████████ and RANDALL MARTINEZ, also known

as "Jose Rodriguez," together with others, did knowingly and

intentionally attempt to obstruct, delay and affect commerce, and

the movement of articles and commodities in commerce, by robbery, to wit: the robbery of a drug trafficker in the vicinity of Grand Concourse and Mosholu Parkway in the Bronx, New York.

        (Title 18, United States Code, Sections 1951(a), 2 and 3551 et seq.)

### COUNT FIVE
(Attempt to Distribute Cocaine)

        5.    On or about and between March 1, 2006 and May 31, 2006, both dates being approximate and inclusive, within the Southern District of New York, the defendants ███████████ ████████████████████████████ and RANDALL MARTINEZ, also known as "Jose Rodriguez," together with others, did knowingly and intentionally attempt to distribute and possess with intent to distribute a controlled substance, which offense involved 500 grams or more of a substance containing cocaine, a Schedule II controlled substance, contrary to Title 21, United States Code, Section 841(a)(1).

        (Title 21, United States Code, Sections 846 and 841(b)(1)(B)(ii)(II); Title 18, United States Code, Sections 2 and 3551 et seq.)

### COUNT SIX
(Unlawful Use of Firearm)

        6.    On or about and between March 1, 2006 and May 31, 2006, both dates being approximate and inclusive, within the Southern District of New York, the defendants ███████████

████████████████████████ and RANDALL MARTINEZ, also known as "Jose Rodriguez," together with others, did knowingly and intentionally use and carry one or more firearms during and in relation to (a) a crime of violence, to wit: the crime charged in Count Four, and (b) a drug trafficking crime, to wit: the crime charged in Count Five, and did knowingly and intentionally possess said firearms in furtherance of such crime of violence and such drug trafficking crime, which firearms were brandished.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(C), 2 and 3551 et seq.)

COUNT SEVEN
(Hobbs Act Robbery)

7.   On or about and between May 1, 2006 and June 30, 2006, both dates being approximate and inclusive, within the Southern District of New York, the defendant RANDALL MARTINEZ, also known as "Jose Rodriguez," together with others, did knowingly and intentionally obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by robbery, to wit: the robbery of a drug trafficker in the vicinity of Davidson Avenue and 183rd Street in the Bronx, New York.

(Title 18, United States Code, Sections 1951(a), 2 and 3551 et seq.)

### COUNT EIGHT
(Distribution of Heroin)

8.    On or about and between May 1, 2006 and June 30, 2006, both dates being approximate and inclusive, within the Southern District of New York, the defendant RANDALL MARTINEZ, also known as "Jose Rodriguez," together with others, did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, which offense involved 100 grams or more of a substance containing heroin, a Schedule I controlled substance.

(Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(i); Title 18, United States Code, Sections 2 and 3551 et seq.)

### COUNT NINE
(Unlawful Use of Firearm)

9.    On or about and between May 1, 2006 and June 30, 2006, both dates being approximate and inclusive, within the Southern District of New York, the defendant RANDALL MARTINEZ, also known as "Jose Rodriguez," together with others, did knowingly and intentionally use and carry one or more firearms during and in relation to (a) a crime of violence, to wit: the crime charged in Count Seven, and (b) a drug trafficking crime, to wit: the crime charged in Count Eight, and did knowingly and intentionally possess said firearms in furtherance of such crime

of violence and such drug trafficking crime, which firearms were brandished.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(C), 2 and 3551 <u>et seq</u>.)

### COUNT TEN
(Hobbs Act Robbery)

10.  On or about September 9, 2006, within the Southern District of New York, the defendants JOSE ANTONIO LOPEZ SANTIAGO, also known as "Amarante," and ███████████████████ ████████████ together with others, did knowingly and intentionally obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by robbery, to wit: the robbery of a drug trafficker in the vicinity of 2829 Sedwick Avenue in the Bronx, New York.

(Title 18, United States Code, Sections 1951(a), 2 and 3551 <u>et seq</u>.)

### COUNT ELEVEN
(Unlawful Use of Firearm)

11.  On or about September 9, 2006, within the Southern District of New York, the defendants JOSE ANTONIO LOPEZ SANTIAGO, also known as "Amarante," and ███████████████████ ████████████ together with others, did knowingly and intentionally use and carry one or more firearms during and in relation to a crime of violence, to wit: the crime

charged in Count Ten, and did knowingly and intentionally possess said firearms in furtherance of such crime of violence, which firearms were brandished.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(C), 2 and 3551 et seq.)

## COUNT TWELVE
### (Attempted Hobbs Act Robbery)

12. On or about January 10, 2007, within the Southern District of New York, the defendant JOSE ANTONIO LOPEZ SANTIAGO, also known as "Amarante," together with others, did knowingly and intentionally attempt to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by robbery, to wit: the robbery of a drug trafficker at 3226 Schley Avenue in the Bronx, New York.

(Title 18, United States Code, Sections 1951(a), 2 and 3551 et seq.)

## COUNT THIRTEEN
### (Unlawful Use of Firearm)

13. On or about January 10, 2007, within the Southern District of New York, the defendant JOSE ANTONIO LOPEZ SANTIAGO, also known as "Amarante," together with others, did knowingly and intentionally use and carry one or more firearms during and in relation to a crime of violence, to wit: the crime charged in

Count Twelve, and did knowingly and intentionally possess said firearms in furtherance of such crime of violence, which firearms were brandished.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(C), 2 and 3551 et seq.)

## COUNT FOURTEEN
(Hobbs Act Robbery)

14.   On or about and between September 1, 2007 and December 31, 2007, both dates being approximate and inclusive, within the District of New Jersey, the Eastern District of Pennsylvania and the Southern District of New York, the defendant ██████████████████████████████████████ together with others, did knowingly and intentionally obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by robbery, to wit: the robbery of a drug trafficker in Philadelphia, Pennsylvania.

(Title 18, United States Code, Sections 1951(a), 2 and 3551 et seq.)

## COUNT FIFTEEN
(Distribution of Heroin)

15.   On or about and between September 1, 2007 and December 31, 2007, both dates being approximate and inclusive, within the District of New Jersey, the Eastern District of Pennsylvania and the Southern District of New York, the defendant

██████████████████████████████████████ together with
others, did knowingly and intentionally distribute and possess
with intent to distribute a controlled substance, which offense
involved one kilogram or more of a substance containing heroin, a
Schedule I controlled substance.

(Title 21, United States Code, Sections 841(a)(1) and
841(b)(1)(A)(i); Title 18, United States Code, Sections 2 and
3551 et seq.)

### COUNT SIXTEEN
(Hobbs Act Robbery)

16.   On or about and between March 26, 2008 and March
27, 2008, both dates being approximate and inclusive, within the
Southern District of New York, the defendant JOSE ENCARNACION,
together with others, did knowingly and intentionally obstruct,
delay and affect commerce, and the movement of articles and
commodities in commerce, by robbery, to wit: the robbery of a
drug trafficker at 1417 Rowland Avenue in the Bronx, New York.

(Title 18, United States Code, Sections 1951(a), 2 and
3551 et seq.)

### COUNT SEVENTEEN
(Attempt to Distribute Heroin)

17.   On or about and between March 26, 2008 and March
27, 2008, both dates being approximate and inclusive, within the
Southern District of New York, the defendant JOSE ENCARNACION,
together with others, did knowingly and intentionally attempt to

distribute and possess with intent to distribute a controlled substance, which offense involved one kilogram or more of a substance containing heroin, a Schedule I controlled substance, contrary to Title 21, United States Code, Section 841(a)(1).

(Title 21, United States Code, Sections 846 and 841(b)(1)(A)(i); Title 18, United States Code, Sections 2 and 3551 et seq.)

### COUNT EIGHTEEN
(Unlawful Use of Firearm)

18.   On or about and between March 26, 2008 and March 27, 2008, both dates being approximate and inclusive, within the Southern District of New York, the defendant JOSE ENCARNACION, together with others, did knowingly and intentionally use and carry one or more firearms during and in relation to (a) a crime of violence, to wit: the crime charged in Count Sixteen, and (b) a drug trafficking crime, to wit: the crime charged in Count Seventeen, and did knowingly and intentionally possess said firearms in furtherance of such crime of violence and such drug trafficking crime, which firearms were brandished.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(C), 2 and 3551 et seq.)

## COUNT NINETEEN
### (Attempted Hobbs Act Robbery)

19.   On or about and between March 27, 2008 and March
28, 2008, both dates being approximate and inclusive, within the
Eastern District of New York and elsewhere, the defendant JOSE
ENCARNACION, together with others, did knowingly and
intentionally attempt to obstruct, delay and affect commerce, and
the movement of articles and commodities in commerce, by robbery,
to wit: the robbery of a drug trafficker in the vicinity of
Northern Boulevard and 64th Street in Queens, New York.

(Title 18, United States Code, Sections 1951(a), 2 and
3551 et seq.)

## COUNT TWENTY
### (Attempt to Distribute Cocaine)

20.   On or about and between March 27, 2008 and March
28, 2008, both dates being approximate and inclusive, within the
Eastern District of New York and elsewhere, the defendant JOSE
ENCARNACION, together with others, did knowingly and
intentionally attempt to distribute and possess with intent to
distribute a controlled substance, which offense involved five

kilograms or more of a substance containing cocaine, a Schedule II controlled substance, contrary to Title 21, United States Code, Section 841(a)(1).

(Title 21, United States Code, Sections 846 and 841(b)(1)(A)(ii)(II); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT TWENTY-ONE
(Unlawful Use of Firearm)

21.  On or about and between March 27, 2008 and March 28, 2008, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JOSE ENCARNACION, together with others, did knowingly and intentionally use and carry one or more firearms during and in relation to (a) a crime of violence, to wit: the crime charged in Count Nineteen, and (b) a drug trafficking crime, to wit: the crime charged in Count Twenty, and did knowingly and intentionally possess said firearms in furtherance of such crime of violence and such drug trafficking crime.

(Title 18, United States Code, Sections 924(c)(1)(A)(I), 924(c)(1)(C), 2 and 3551 et seq.)

## COUNT TWENTY-TWO
(Distribution of Marijuana)

22.  On or about and between March 1, 2008 and May 31, 2008, both dates being approximate and inclusive, within the Southern District of New York, the defendants PEDRO FERNANDEZ,

also known as "El Mono," and ██████████████████████

███████████together with others, did knowingly and
intentionally distribute and possess with intent to distribute a
controlled substance, which offense involved a substance
containing marijuana, a Schedule I controlled substance.

   (Title 21, United States Code, Sections 841(a)(1) and
841(b)(1)(D); Title 18, United States Code, Sections 2 and 3551
et seq.)

### COUNT TWENTY-THREE
(Hobbs Act Robbery)

   23.  On or about and between March 1, 2008 and August
31, 2008, both dates being approximate and inclusive, within the
Southern District of New York, the defendant ██████████████

████████████████████████████together with others, did
knowingly and intentionally obstruct, delay and affect commerce,
and the movement of articles and commodities in commerce, by
robbery, to wit: the robbery of a drug trafficker in the vicinity
of Pelham Parkway in the Bronx, New York.

   (Title 18, United States Code, Sections 1951(a), 2 and
3551 et seq.)

### COUNT TWENTY-FOUR
(Interception of Oral Communications)

   24.  On or about and between March 1, 2008 and August
31, 2008, both dates being approximate and inclusive, within the
Southern District of New York, the defendant ██████████████

████████████████████████████ together with others, did
knowingly and intentionally use, endeavor to use and procure
another person to use and endeavor to use an electronic device,
to wit: a cellular telephone, to intercept oral communications of
occupants of a Volkswagen Jetta sedan with New York license
plates.

(Title 18, United States Code, Sections 2511(1)(b)(i),
2511(4)(a), 2 and 3551 et seq.)

COUNT TWENTY-FIVE
(Hobbs Act Robbery)

25.  On or about and between May 1, 2008 and August 31,
2008, both dates being approximate and inclusive, within the
Southern District of New York, the defendant ██████████████
████████████████████████████ together with others, did
knowingly and intentionally obstruct, delay and affect commerce,
and the movement of articles and commodities in commerce, by
robbery, to wit: the robbery of a drug trafficker in the vicinity
of Gun Hill Road in the Bronx, New York.

(Title 18, United States Code, Sections 1951(a), 2 and
3551 et seq.)

COUNT TWENTY-SIX
(Hobbs Act Robbery)

26.  On or about and between May 1, 2008 and August 31,
2008, both dates being approximate and inclusive, within the
Eastern District of New York and elsewhere, the defendant ██████

███████████████████████████████████together with others,
did knowingly and intentionally obstruct, delay and affect
commerce, and the movement of articles and commodities in
commerce, by robbery, to wit: the robbery of a drug trafficker in
the vicinity of the Bronx Annex in the Bronx, New York.

(Title 18, United States Code, Sections 1951(a), 2 and
3551 et seq.)

### COUNT TWENTY-SEVEN
(Distribution of Heroin)

27.  On or about and between May 1, 2008 and August 31,
2008, both dates being approximate and inclusive, within the
Eastern District of New York and elsewhere, the defendant █████
████████████████████████████████together with others,
did knowingly and intentionally distribute and possess with
intent to distribute a controlled substance, which offense
involved one kilogram or more of a substance containing heroin, a
Schedule I controlled substance.

(Title 21, United States Code, Sections 841(a)(1) and
841(b)(1)(A)(i); Title 18, United States Code, Sections 2 and
3551 et seq.)

### COUNT TWENTY-EIGHT
(Hobbs Act Robbery)

28.  On or about and between May 1, 2008 and August 31,
2008, both dates being approximate and inclusive, within the
Southern District of New York, the defendant ████████████████

███████████████████████████ together with others, did
knowingly and intentionally obstruct, delay and affect commerce,
and the movement of articles and commodities in commerce, by
robbery, to wit: the robbery of a drug trafficker in the vicinity
of Crotona Park in the Bronx, New York.

 (Title 18, United States Code, Sections 1951(a), 2 and
3551 et seq.)

### COUNT TWENTY-NINE
(Attempt to Distribute Cocaine)

 29.  On or about and between May 1, 2008 and August 31,
2008, both dates being approximate and inclusive, within the
Southern District of Florida and the Southern District of New
York, the defendant ██████████████████████████████
███████ together with others, did knowingly and intentionally
attempt to possess with intent to distribute a controlled
substance, which offense involved 500 grams or more of a
substance containing cocaine, a Schedule II controlled substance,
contrary to Title 21, United States Code, Section 841(a)(1).

 (Title 21, United States Code, Sections 846 and
841(b)(1)(B)(ii)(II); Title 18, United States Code, Sections 2
and 3551 et seq.)

### COUNT THIRTY
(Interception of Oral Communications)

 30.  On or about and between May 1, 2008 and August 31,
2008, both dates being approximate and inclusive, within the

Southern District of Florida and the Southern District of New York, the defendant ▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮ together with others, did knowingly and intentionally use, endeavor to use and procure another person to use and endeavor to use an electronic device, to wit: a cellular telephone, to intercept oral communications of occupants of a Honda Odyssey minivan with Pennsylvania license plates.

(Title 18, United States Code, Sections 2511(1)(b)(i), 2511(4)(a), 2 and 3551 et seq.)

COUNT THIRTY-ONE
(Distribution of Heroin)

31.   On or about and between November 1, 2008 and March 1, 2009, both dates being approximate and inclusive, within the District of Delaware, the District of Maryland, the District of New Jersey and the Southern District of New York, the defendant ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ together with others, did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, which offense involved one kilogram or more of a substance containing heroin, a Schedule I controlled substance.

(Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(i); Title 18, United States Code, Sections 2 and 3551 et seq.)

<u>CRIMINAL FORFEITURE ALLEGATION AS TO HOBBS ACT ROBBERY OFFENSES</u>

32.   The United States hereby gives notice to the defendants charged with Hobbs Act Robbery offenses (Counts One, Four, Seven, Ten, Twelve, Fourteen, Sixteen, Nineteen, Twenty-Three, Twenty-Five, Twenty-Six and Twenty-Eight) that, upon conviction of such offenses, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(c) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offenses to forfeit any property constituting or derived from proceeds obtained directly or indirectly as a result of such offenses, including but not limited to, forfeiture of a sum of money equal to at least approximately $2,000,000.00 in United States currency, for which the defendants are jointly and severally liable.

33.   If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a)   cannot be located upon the exercise of due diligence;

(b)   has been transferred or sold to, or deposited with, a third party;

(c)   has been placed beyond the jurisdiction of the court;

(d)   has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of such defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p))

## CRIMINAL FORFEITURE ALLEGATION AS TO NARCOTICS TRAFFICKING OFFENSES

34. The United States hereby gives notice to the defendants charged with narcotics trafficking offenses (Counts Two, Five, Eight, Fifteen, Seventeen, Twenty, Twenty-Seven, Twenty-Nine and Thirty-One) that, upon conviction of such offenses, the government will seek forfeiture in accordance with Title 21, United States Code, Section 853, which requires any person convicted of such offenses to forfeit any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such offenses, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offenses, including but not limited to, the following:

## MONEY JUDGMENT

(a)   a sum of money equal to at least approximately $2,000,000.00 in United States currency, for which the defendants are jointly and severally liable;

## SPECIFIC PROPERTY

(b)   all right, title and interest in a 1999 Dodge Caravan vehicle, New York license plate number EGK3888, seized by law enforcement personnel on or about March 27, 2008;

(c)   all right, title and interest in a 2001 Chrysler Town and Country vehicle, New York license plate number EFY5201, seized by law enforcement personnel on or about March 27, 2008;

(d)   all right, title and interest in a 1998 BMW 528I vehicle, Pennsylvania plate number GXM2045, seized by law enforcement personnel on or about March 27, 2008; and

(e)   all right, title and interest in a 2001 Chrysler 300M vehicle, Pennsylvania plate number HBT3496, seized by law enforcement personnel on or about September 17, 2009.

35.   If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a)   cannot be located upon the exercise of due diligence;

(b)   has been transferred or sold to, or deposited with, a third party;

       (c)   has been placed beyond the jurisdiction of the court;

       (d)   has been substantially diminished in value; or

       (e)   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of such defendants up to the value of the forfeitable property described in this forfeiture allegation.

    (Title 21, United States Code, Sections 853(a) and 853(p))

<u>CRIMINAL FORFEITURE ALLEGATION AS TO</u>
<u>UNLAWFUL USE OF FIREARM OFFENSES</u>

    36.   The United States hereby gives notice to the defendants charged with unlawful use of firearm offenses (Counts Three, Six, Nine, Eleven, Thirteen, Eighteen, Twenty-One and Twenty-Two) that, upon conviction of such offenses, the government will seek forfeiture in accordance with Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), which require the forfeiture of any firearm or ammunition involved in or used in any knowing violation of Title 18, United States Code, Section 924, or any violation of any criminal law of the United States.

37.   If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a)   cannot be located upon the exercise of due diligence;

(b)   has been transferred or sold to, or deposited with, a third party;

(c)   has been placed beyond the jurisdiction of the court;

(d)   has been substantially diminished in value; or

(e)   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28,

26

United States Code, Section 2461(c), to seek forfeiture of any

other property of such defendants up to the value of the

forfeitable property described in this forfeiture allegation.

(Title 28, United States Code, Section 2461(c); Title

18, United States Code, Section 924(d)(1); Title 21, United

States Code, Section 853(p))

A TRUE BILL

_____

FOREPERSON

_____

LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK