UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
UNITED STATES OF AMERICA

                -against-

HENRY FIORENTINO,

                Defendant.
----------------------------------------------------------------x

**MEMORANDUM AND ORDER**

08-CR-242 (SLT)

**TOWNES, United States District Judge:**

Defendant Fiorentino now moves for reconsideration of this Court's prior order denying his motion to dismiss on the basis of newly discovered evidence. In short, defendant argues that the testimony of his co-conspirator, Mr. Rodriguez, at the September 16, 2013, hearing is newly discovered evidence that establishes that he withdrew from the conspiracy in 2003 "due to several falling outs with the cooperating witnesses." Affidavit of Mr. Fiorentino in Support of Motion at p. 2. Defendant reasons that since he was no longer a member of the conspiracy, the five-year statute of limitations expired by the time he was indicted. In addition, defendant implies that the fact that he was arrested in April 2004 establishes that he withdrew from the conspiracy.

To help the *pro se* defendant understand why this motion is without merit, this Court will briefly summarize the law in this Circuit relating to the affirmative defense of withdrawal from a conspiracy. "Where the government has presented sufficient evidence to show a conspiracy that has continuing purposes or goals, the burden is on the defendant to prove that the conspiracy was terminated or that he took affirmative steps to withdraw." *United States v. Eppolito*, 543 F.3d 25, 49 (2d Cir. 2008) (citing cases). "For a defendant to show that he withdrew from the conspiracy, proof merely that he ceased conspiratorial activity is not enough." *Id.* "The

defendant 'must also show that he performed some act that affirmatively established that he disavowed his criminal association with the conspiracy, either the making of a clean breast to the authorities, or communication of the abandonment in a manner reasonably calculated to reach co-conspirators.'" *United States v. Leslie*, 658 F.3d 140, 143 (2d Cir. 2011)(citing *Eppolito*, 543 F.3d at 49 (citations and internal quotation marks omitted)). "Unless a conspirator produces affirmative evidence of withdrawal, his participation in a conspiracy is presumed to continue until the last overt act by any of the conspirators." *United States v. Diaz*, 176 F.3d 52, 98 (2d Cir. 1999) (quoting *United States v. Greenfield*, 44 F.3d 1141, 1150 (2d Cir. 1995)).

In this case, defendant is arguing that Mr. Rodriguez's testimony establishes his withdrawal from the conspiracy. This raises a factual question: namely, whether Mr. Rodriguez's testimony, if accepted as true, is sufficient to establish that defendant "performed some act that affirmatively established that he disavowed his criminal association with the conspiracy." However, it also raises questions regarding the credibility of Mr. Rodriguez's testimony and the accuracy of his recollections.

These are all questions that must be decided by the jury. "It is well-settled that withdrawal from a conspiracy is an affirmative defense for which the defendant bears the burden of proof at trial." *Leslie*, 658 F.3d at 143. These are not questions that can be determined by this Court upon a motion to dismiss, but are questions for the jury. Accordingly, the motion for reconsideration is denied.

To the extent that defendant is arguing that his arrest and incarceration alone is sufficient to establish withdrawal, this Court notes that evidence that a defendant was arrested and incarcerated does not establish the defendant's withdrawal from an ongoing conspiracy. Indeed,

2

the Second Circuit has expressly declined even to hold that incarceration creates a rebuttable presumption of withdrawal from a conspiracy. *See United States v. Massino*, 546 F.3d 123, 136-37 (2d Cir. 2008). The *Massino* Court noted that "arrest or incarceration may constitute a withdrawal from a conspiracy," but that "it does not follow that in every instance it must." *Id.* at 137 (quoting *United States v. Flaharty*, 295 F.3d 182, 192-93 (2d Cir. 2002)). Again, the question of whether arrest and incarceration constitute withdrawal is a factual issue that "must be decided by the jury in light of the length and location of the internment, the nature of the conspiracy, and any other available evidence." *Id.* Absent withdrawal, "a conspirator who has been arrested remains responsible for acts committed in furtherance of the conspiracy by co-conspirators who are still at large." *United States v. Cruz*, 797 F.2d 90, 98 (2d Cir. 1986).

## *CONCLUSION*

For the reasons stated above, defendant Fiorentino's motion for reconsideration of this Court's denial of his prior motion to dismiss is denied.

**SO ORDERED.**

S/
/SANDRA L. TOWNES
United States District Judge

Dated: October  10 , 2014
Brooklyn, New York