UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

HENRY FIORENTINO,

                Petitioner,

v.

UNITED STATES OF AMERICA,

                Respondent.

**MEMORANDUM AND ORDER**

8-CR-242 (LDH)

LASHANN DEARCY HALL, United States District Judge:

Henry Fiorentino ("Petitioner") petitions pursuant to 28 U.S.C. § 2255 for a writ of habeas corpus vacating his conviction and sentence under 18 U.S.C. §1951(a) and 21 U.S.C. §§ 841, 846. Petitioner also moves for a reduction of his sentence under the First Step Act of 2018, Pub. L. No. 115-391, §102(b)(2), 132 Stat. 5194, 5213 (2018) (the "First Step Act").

## BACKGROUND

### I. Factual and Procedural Background

On November 18, 2009, Petitioner was charged in a three-count indictment with conspiracy to commit robbery affecting interstate commerce, in violation of 18 U.S.C. § 1951(a) ("Count One"), conspiracy to distribute narcotics, in violation of 21 U.S.C. § 846 ("Count Two"), and using a firearm in furtherance of a crime of violence and narcotics trafficking, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) ("Count Three"). (Superseding Indictment, *United States v. Bonilla et al.*, 8-cr-242-LDH (E.D.N.Y. Nov. 18, 2009), ECF No. 236.) After initially pleading guilty, Judge Sandra Lynn Townes granted Petitioner's request to withdraw his guilty plea on July 25, 2014. (Minute Entry, *United States v. Bonilla et al.*, 8-cr-242-LDH (E.D.N.Y. July 25, 2014).) The Court allowed Petitioner to represent himself and directed his former attorney James Branden ("Mr. Branden") to act as stand-by counsel.

The case proceeded to trial. After the Government rested its case, the Court dismissed Count Three. (Minute Entry, *United States v. Bonilla et al.*, 8-cr-242-LDH (E.D.N.Y. Nov. 12, 2014).) Petitioner was found guilty on Counts One and Two. (Jury Verdict, *United States v. Bonilla et al.*, 8-cr-242-LDH (E.D.N.Y. Nov. 13, 2014), ECF No. 1046.) On February 13, 2015, Judge John Gleeson sentenced Petitioner to 264 months' incarceration and five years of supervised release. (Judgment, *United States v. Bonilla et al.*, 8-cr-242-LDH (E.D.N.Y. Feb. 19, 2015), ECF No. 1094.)

Petitioner appealed his conviction to the Second Circuit, arguing "that the evidence at his trial was insufficient to prove that he was a member of the conspiracy within the statute-of-limitations period and that his sentence was substantively unreasonable." *United States v. Martinez*, 862 F.3d 223, 230 (2d Cir. 2017). Petitioner also argued in supplemental briefing that "that the district court's admission of certain evidence against him violated his rights under the Fourth and Sixth Amendments." *Id.* at 233.

The Second Circuit rejected each of Petitioner's arguments. *First*, as to the statute of limitations, the Second Circuit found "there was abundant evidence on which to permit the jury to find that Fiorentino's membership in the conspiracy continued into the limitations period." *Id.* at 233. *Second*, the Second Circuit found that Petitioner's objection to the admission of certain evidence "has been waived" because "there is no indication in the record that Fiorentino ever moved in the district court to suppress the evidence in question." *Id.* at 234. *Finally*, the Second Circuit declined to amend Petitioner's sentence after reiterating the District Court's findings on "the extensive scope and duration of the conspiracy, its operation in an organized fashion over an extended period of time, Fiorentino's own extreme violence against one victim, and the fact that 'the business of robbing drug dealers intrinsically endangers everyone[.]'" *Id.* at 249. Still,

2

"despite the calculated Guidelines imprisonment range of 324 to 405 months, the [district] court sentenced Fiorentino to 264 months." *Id.* The Second Circuit therefore could not "conclude that the district court was required to impose a prison term that was even shorter." *Id.*

## II. Present Motions

On November 11, 2017, Petitioner filed a motion under 28 U.S.C. 2255 to vacate his sentence ("Mot. to Vac.", ECF No. 1289.) On July 1, 2019, Petitioner filed a motion to amend/correct the motion to vacate. ("Mot. to Am.", ECF No. 1322.) On December 13, 2021, Petition filed a motion to compel the Court to rule on Petitioner's motion to vacate. (ECF No. 1427.) On January 18, 2022, Petitioner moved for a reduction of his sentence pursuant to the First Step Act. ("Mot. for Red.", ECF No. 1428.)

### a. Motion to Vacate

In the motion to vacate, Petitioner argues that he was deprived effective assistance of counsel because his former attorney Mr. Branden (1) failed to convey a plea offer from the Government; (2) did not seek suppression of certain evidence taken from his vehicle; and (3) did not appeal the District Court's decision rescinding the finding of a *Brady* violation. (Mot. to Vac. at 15.) Petitioner also argues that he is "actually innocent," the Government failed to correct perjured testimony, the indictment was constructively amended by evidence wrongly presented at trial, and the prosecution was time-barred. (*Id.* at 14–15.)

The Government responds that Petitioner did not receive deficient counsel because the plea offer that Petitioner purportedly never reviewed contained a Sentencing Guidelines range commensurate with the sentence Petitioner received. (Resp. to Pet's Req. Pursuant to 28 U.S.C. § 2255 ("Resp. to Mot. to Vac.") at 16-17, ECF No. 1292.) The Government attached an affidavit from Mr. Branden saying that—although he does not independently recall discussing

3

this specific plea offer with Petitioner—it was his practice to share all plea offers with his clients. (Dec. of James M. Branden ("Branden Dec."), ECF No. 1292-1.)  The Government also claims that Petitioner would have lacked standing to seek suppression of evidence because the vehicle did not belong to him, and the Second Circuit already found that Petitioner waived any objections to evidence seized from the vehicle.  (Resp. to Mot. to Vac. at 17-18).  The Government then argues that no prejudice resulted from the District Court's rescission of the *Brady* violation finding because the Court nonetheless allowed Petitioner to withdraw his plea.  (*Id.* at 18-19.)  As to Petitioner's remaining claims, the Government argues they are barred because Petitioner failed to raise them on appeal, and—in any event—they lack merit given the District Court's findings as to Petitioner's conspiracy.  (*Id.* at 19-22.)

          **b.**    **Motion to Amend**

In the motion to amend, Petitioner "ask[s] for leave to amend his reply to the Government's response." ("Mot. to Amend" at 3.)  In addition, Petitioner states he "will concede that all claims, save for the claim that counsel was ineffective for failing to communicate a plea offer, are procedurally barred or waived and need not be decided on the merits."  (*Id.* at 4.)  The Government does not directly respond to Petitioner's request to amend.

          **c.**    **Motion for Sentence Reduction**

In the motion for sentence reduction under 18 U.S.C. 3582(c)(2), Petitioner asks the Court to reduce his sentence in light of Amendment 782 to the United States Sentencing Guidelines which—according to Petitioner—"retroactively reduces the [] Guidelines, as related to drug trafficking offenses for sentences previously imposed by two(2) levels."  (Mot. for Red. at 2.)  Petitioner contends that he qualifies for a sentence reduction pursuant to Amendment 782 because it "did not go into effect till [sic] November 1, 2015" and, if applied here, Amendment

4

782 would reduce Petitioner's base offense level and in turn his sentence under the Guidelines. (*Id.*)

The Government responds that Petitioner "already benefitted from being sentenced pursuant to the amended Guidelines under Amendment 782" because the true effective date was November 1, 2014, and Petitioner was sentenced on February 13, 2015. (Ltr. Dated Sept. 6, 2022 ("Resp. to Mot. for Red."), ECF No. 1448.) Further, Petitioner "is not entitled to a reduction of his sentence" because he "was sentenced below the applicable Guidelines range." (*Id.*)

### d. Motion to Compel

In the motion to compel, Petitioner seeks to compel the Court "to perform 'its duty' by either ordering a 'prompt hearing' or in the alternative, Motion for Summary Judgment" with respect to "Petitioner's pending motion for Writ of Habeas Corpus pursuant to 28 USC 2255." ("Mot. to Comp." at 2, ECF No. 1427.) The Government does not respond to the motion to compel.

## DISCUSSION

### I. Motion to Amend

#### a. Standard of Review

Rule 15 provides that courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "[A] pro se litigant in particular should be afforded every reasonable opportunity to demonstrate that he has a valid claim." *'El v. CitiMortgage, Inc.*, No. 16-cv-1024 (RRM)(LB), 2017 WL 3887877, at *4 (E.D.N.Y. Sept. 1, 2017) (quoting *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2013)). But, "[a] district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing

5

party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

### b. Application

An application for writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. Moreover, the Second Circuit has held that motions to amend habeas petitions, prior to any adjudication on the merits, are governed by Rule 15. *Littlejohn v. Artuz*, 271 F.3d 360, 363 (2d Cir. 2001) (citing 28 U.S.C. § 2242).

Although Petitioner "moves . . . for leave to amend his Motion to Vacate," elsewhere Petitioner states that he "seeks to amend his reply to the Government's response." *Compare* (Mot. to Am. at 1), *with* (*id.* at 2 n.1.) Petitioner then attaches an "Amended Reply to Government's Response" that he asks the Court to consider in lieu of his previously filed reply brief. (*Id.* at 2 n.1, 5) (the "Amended Reply"). The Court therefore construes the motion to amend, which the Court grants, as in relation to Petitioner's reply brief in support of his motion to vacate. *See* Fed. R. Civ. P. 15(a); *Littlejohn*, 271 F.3d at 363.

Turning to the Amended Reply, Petitioner appears to withdraw all but one claim that he asserted in his motion to vacate. Petitioner states: "In the interests of judicial expediency, and economy, Fiorentino concedes that all grounds advanced in his § 2255 pleading, save for COUNT THREE (ineffective assistance of counsel for failure to communicate plea offer), are procedurally-barred or waived. Accordingly, this Honorable Court need only rule on the merits of the remaining claim." (*Id.* at 5 n.1.)[1] Commensurate with this assertion, the Amended Reply

---

[1] Petitioner further states: "Due to Fiorentino's lack of understanding of the complexities involved in collateral habeas proceedings, Fiorentino advanced claims that were procedurally barred or waived in his pleading." (Mot. to Am. at 5.)

6

only addresses the ineffective assistance of counsel claim for failure to communicate the plea offer.

The Court must consider whether Petitioner's Amended Reply serves to abandon all other claims asserted in his motion to vacate. "Ultimately, the question of abandonment is one of intent[.]" *Austin v. Ford Models, Inc.*, 149 F.3d 148, 155 (2d Cir. 1998), *abrogated on other grounds by Swierkiewicz v. Sorema N. A.*, 534 U.S. 506 (2002). "Where the party is proceeding *pro se*, the question is less easily resolved," because "[a] *pro se* party may not fully understand the superseding effect of the second pleading." *Id.*

Here, Petitioner appears to "fully understand" that he abandoned all remaining claims made in his motion to vacate. *See id.* Seemingly persuaded by the Government's response to his motion to vacate, Petitioner "concedes" the remaining claims are "procedurally-barred or waived." (Mot. to Am. at 5 n.1.) The Amended Reply goes on to only address the ineffective assistance of counsel claim for failure to communicate the plea offer. Petitioner's "intent" to no longer pursue the remaining claims is therefore clear. *See Austin*, 149 F.3d at 155; *Omosefunmi v. Weiss*, 198 F.3d 234, 234 (2d Cir. 1999) ("Still, even under the relaxed pleading standard afforded to pro se litigants, Omosefunmi's express disavowal of any *Bivens* claim requires that that claim be deemed abandoned.") (unpublished); *see also Myles v. United States*, 416 F.3d 551, 552 (7th Cir. 2005) (noting that the composition and content of the amended complaint are entirely the responsibility of the plaintiff, for "even pro se litigants are masters of their own complaints and may choose who to sue—or not to sue").

The Court therefore accedes to Petitioner's request that it "need only rule on the merits of the remaining claim," relating to ineffective assistance of counsel for failure to communicate a

7

plea offer. (Mot. to Am. at 5 n.1.) Except for the aforesaid claim, the Court deems all remaining claims in the motion to vacate abandoned.[2]

## II. Motion to Vacate

### a. Standard of Review

Section 2255, as amended by the Antiterrorism and Effective Death Penalty Act of 1996, permits a prisoner who was sentenced in federal court to move the court that imposed the sentence to vacate, set aside, or correct the sentence on the grounds that the sentence: (1) "was imposed in violation of the U.S. Constitution or the laws of the United States;" (2) "was entered by a court without jurisdiction to impose the sentence;" (3) "exceeded the maximum detention authorized by law;" or (4) "is otherwise subject to collateral attack." *Adams v. United States*, 372 F.3d 132, 134 (2d Cir. 2004) (citing 28 U.S.C. § 2255).

A § 2255 movant bears the burden to prove the claims in his § 2255 motion by a preponderance of the evidence. *See Harned v. Henderson*, 588 F.2d 12, 22 (2d Cir. 1978) ("It is, of course, well settled that in federal habeas corpus proceedings the burden of proving a constitutional claim lies with the petitioner and that the nature of that burden is the customary civil one of a preponderance of the evidence.").

The Second Circuit has instructed that "the district court may use methods under Section 2255 to expand the record without conducting a full-blown testimonial hearing." *Chang v.*

---

[2] Alternatively, the Court deems the remaining claims abandoned because Petitioner failed to address the Government's arguments relating thereto in the Amended Reply. *See In re Hoti Enterprises, L.P.*, No. 10-24129 RDD, 2014 WL 1244779, at *4 (S.D.N.Y. Mar. 26, 2014), *aff'd*, 605 F. App'x 67 (2d Cir. 2015) ("Dedvukaj does not address GECMC's response in his reply and is therefore deemed to have abandoned this argument."); *Jacob v. Kimberly-Clark Corp.*, No. 05-CV-1739 (ILG), 2006 WL 1582149, at *4 (E.D.N.Y. June 5, 2006) ("Plaintiff fails to reply to defendant's arguments against several causes of action which are therefore deemed abandoned.").

*United States*, 250 F.3d 79, 86 (2d Cir. 2001) ("It may instead be perfectly appropriate, depending upon the nature of the allegations, for the district court to proceed by requiring that the record be expanded to include letters, documentary evidence, and, in an appropriate case, even affidavits.") (internal citation omitted).

### b. Application

To prevail on a claim for ineffective assistance of trial counsel, Petitioner must satisfy the two-pronged test set out in *Strickland v. Washington*, 466 U.S. 668 (1984).  *First*, Petitioner must demonstrate that his counsel's performance was "deficient" by showing that "counsel's representation fell below an objective standard of reasonableness" such that defense counsel "was not functioning as 'counsel' as guaranteed by the Sixth Amendment." *Id.* at 687–88. *Second*, Petitioner must establish that "the deficient performance prejudiced the defense" by showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 687, 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome" of the proceedings. *Id.* at 694. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691.

As a general matter, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. "Because of the difficulties inherent in [evaluating counsel's performance], a court must indulge a strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* (internal citation omitted). "Even serious errors by counsel do not warrant

9

granting habeas relief where the conviction is supported by overwhelming evidence of guilt." *Lindstadt v. Keane*, 239 F.3d 191, 204 (2d Cir. 2001).

Here, as a threshold matter, it remains unclear whether the plea offer that Petitioner claims he never received even exists. Petitioner argues that the Government provided Mr. Branden a plea offer for Petitioner "with a guideline of 70 to 87 months." (Mot. to Vac. at 26.) Attached to the motion to vacate is a draft plea agreement dated May 17, 2011 ("May 17 Plea Offer") that proposes the 70 to 87 months' range that Petitioner claims he was denied. (ECF No. 1289-2, at 20.) But, the May 17 Plea Offer is directed to Marcos Rodriguez—one of Petitioner's co-conspirators—and not to Petitioner. (*Id.*)

Meanwhile, Mr. Branden attaches a separate plea offer directed to Petitioner and dated May 18, 2011 ("May 18 Plea Offer"), which provided a guidelines calculation of 210 to 262 months. Although Mr. Branden does not indicate whether he ever received a plea offer directed to Petitioner that resembled the May 17 Plea Offer, Mr. Branden acknowledged that he received the May 18 Plea Offer on May 18, 2011. (Branden Dec. ¶ 11.) In the Amended Reply, Petitioner states that the May 18 Plea Offer "should read 5/17/2011[;] see [] plea agreement dated as such." (Mot. to Am., at 21.) As such, it seems that Petitioner is either confusing the plea offer he purportedly never received for that directed to Rodriguez, or Petitioner objects to not receiving a similar plea offer. In any event, Petitioner's claim fails as to the May 17 Plea Offer.

Petitioner has provided no evidence that the May 17 Plea Offer existed, let alone that Petitioner never received it. Although the Second Circuit has observed that "[a] defendant suffers a Sixth Amendment injury where his attorney fails to convey a plea offer," courts nonetheless require "some objective evidence other than defendant's assertions to establish

10

prejudice" under *Strickland*. *Pham v. United States*, 317 F.3d 178, 182 (2d Cir. 2003). Petitioner has presented no evidence, beyond his self-serving statements, to evince that the May 17 Plea Offer even existed. *See id.*; *see also Toledo-Yin v. United States*, 26 F. App'x 406, 408 (6th Cir. 2001) (rejecting claim that counsel failed to relay a plea offer because the defendant "presented no credible evidence that counsel failed to inform him of a plea offer and instead merely relies on his own self-serving statements"). Accordingly, Petitioner has failed to show there existed a plea offer directed to him matching the Guidelines range in the May 17 Plea Offer, let alone that Mr. Branden never communicated such an offer to Petitioner.[3] *See United States v. Choudhry*, 330 F. Supp. 3d 815, 844 (E.D.N.Y. 2018), *aff'd*, 813 F. App'x 4 (2d Cir. 2020) (*Strickland* standard is "highly demanding" and "defendant bears the burden of proof on both prongs") (internal citation omitted).

Petitioner's claim also fails to the extent he claims that he never received the May 18 Plea Offer. To satisfy the prejudice prong of *Strickland*, "a defendant alleging an uncommunicated settlement offer must establish, through some objective evidence, that if they had received the plea offer, they would have accepted it." *Mickens v. United States*, No. 97-CV-2122 JS, 2005 WL 2038589, at *3 (E.D.N.Y. Aug. 17, 2005), *aff'd*, 257 F. App'x 461 (2d Cir. 2007). The Second Circuit has observed that "a significant sentencing disparity in combination with defendant's statement of his intention is sufficient to support a prejudice finding." *Pham*, 317 F.3d at 182. That is, courts consider "the disparity between the maximum sentence under the plea offer and the sentence received after trial." *Mickens*, 2005 WL 2038589, at *3, 8 (noting

---

[3] In his motion to amend, Petitioner states: "Rodriguez advised that, according to his counsel, the Government had extended a 'Global' plea of 70-87 months to all defendants in exchange for guilty pleas and waiver of appeal and collateral attack rights." (ECF No. 1322, at 9.) Again, however, the Court has no evidence of that purported plea offer.

"[t]here is no magic formula to use in determining whether a disparity between sentences is 'significant.'").

As with the May 17 Plea Offer, Petitioner has provided no "objective evidence" other than his self-serving statements to show that he never received the May 18 Plea Offer. *Pham*, 317 F.3d at 182. And even if Petitioner had accepted the May 18 Plea Offer, the result of his "proceeding would [not] have been different." *Strickland*, 466 U.S. at 694. The May 18 Plea Offer contemplated that Petitioner would plead guilty to Counts One and Two—the same Counts on which he was found guilty at trial. (Jury Verdict, ECF No. 1046.) The May 18 Plea Offer also contained a guidelines calculation of 235 to 293 months' imprisonment, with a pledge by the Government to move for an additional reduction to bring the guidelines range to 210 to 262 months' imprisonment. (Mot. to Vac. Opp. at 4.) Petitioner was sentenced to 264 months' incarceration and five years of supervised release. (Judgment, *United States v. Bonilla et al.*, 8-cr-242-LDH (E.D.N.Y. Feb. 19, 2015), ECF No. 1094.) The only potential "disparity" between the sentence Petitioner received and the one reflected in the May 18 Plea Offer is two months, which does not rise to the level of a "significant disparity" to establish prejudice. *Compare Pham*, 317 F.3d at 183 (finding significant disparity where the 210 months' sentence was "more than double" that of the plea offer), *with Diaz v. United States*, No. 14-CV-7016 (KAM), 2020 WL 3403057, at *10 (E.D.N.Y. June 19, 2020) (denying deficient counsel claim where plea offer with sentencing range "52 months shorter" than ultimate sentence of 240 months "does not rival the disparity found in the case law"). Thus, the Court denies Petitioner's motion to vacate.[4]

---

[4] Having denied the motion to vacate, the Court denies Petitioner's motion to compel (ECF No.1427) as moot.

12

### III.     Motion for Sentence Reduction

#### a.     Standard of Review

A district court may reduce a defendant's sentence "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). "When presented with a motion to reduce a sentence pursuant to § 3582(c)(2), a district court must engage in a 'two-step approach.'" *United States v. Bethea*, 735 F.3d 86, 87 (2d Cir. 2013) (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)).

At step one, the Court "must consider whether the defendant is eligible for a reduction by calculating the Guidelines range that would have been applicable had the amended Guidelines been in place at the time the defendant originally was sentenced." *United States v. Wilson*, 716 F.3d 50, 52 (2d Cir. 2013). "A reduction in the defendant's term of imprisonment . . . is not authorized under 18 U.S.C. 3582(c)(2) if . . . an amendment . . . does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

"If, and only if," the Court determines that a defendant is eligible for a reduction in sentence, "then the second step of the analytical framework . . . requires the district court 'to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction . . . is warranted in whole or in part under the particular circumstances of the case.'" *United States v. Mock*, 612 F.3d 133, 137 (2d Cir. 2010) (quoting *Dillon*, 560 U.S. at 827). A retroactive amendment to the Guidelines "merely authorizes a reduction in sentence; it does not require one." *United States v. Rivera*, 662 F.3d 166, 170 (2d Cir. 2011).

13

### b.     Application

Effective November 1, 2014, the United States Sentencing Commission adopted Amendment 782, which modified Section 2D1.1 of the United States Sentencing Guidelines Manual to lower the sentencing range for certain categories of drug-related offenses. The Sentencing Commission then adopted Amendment 788, also effective November 1, 2014, which authorized retroactive application of Amendment 782 to those sentenced before its effective date. Amendment 782 generally reduces the offense level for drug offenses by two levels. *See United States v. Francis*, No. 97 CR 1121-14 (RJD), 2015 WL 12999716, at *1 (E.D.N.Y. May 6, 2015), *aff'd*, 639 F. App'x 47 (2d Cir. 2016) (explaining the history and purpose of Amendment 782).

Here, the Government correctly argues that Petitioner is ineligible for a sentence reduction under Amendment 782 because Petitioner was sentenced on February 13, 2015, which is several months after the Amendment 782's effective date of November 1, 2014. *See* 18 U.S.C. § 3582(c)(2) (defendant is only eligible for a sentence reduction if defendant was sentenced "based on a sentencing range that has *subsequently* been lowered by the Sentencing Commission . . . .") (emphasis added).

According to Petitioner, Amendment 782 "did not go into effect till [sic] November 1, 2015." (Mot. for Red. at 2.) Amendment 782, however, "became effective on November 1, 2014." *Alli-Balogun v. United States*, 114 F. Supp. 3d 4, 28 (E.D.N.Y. 2015). Petitioner's mistaken effective date is likely drawn from a Special Instruction to the rule that states: "The court shall not order a reduced term of imprisonment based on Amendment 782 unless the effective date of the court's order is November 1, 2015, or later." U.S.S.G. 1B1.10(e)(1). But the purpose of this Special Instruction is to say that "no incarcerated defendant can be released

14

pursuant to Amendment 788," which authorizes retroactive application of Amendment 782, "prior to November 1, 2015." *United States v. Carrasco*, No. 01-CR-021 (VM), 2016 WL 481877, at *1 (S.D.N.Y. Feb. 1, 2016). As such, the Special Instruction does not apply to Petitioner, who was sentenced *after* Amendment 782 became effective and therefore pursuant to its updated Guidelines.[5] The Court therefore denies Petitioner's motion for sentence reduction.

## CONCLUSION

For the foregoing reasons, Petitioner's motion to amend is GRANTED, motion to vacate is DENIED, motion for a reduction of sentence is DENIED, and motion to compel is DENIED.

SO ORDERED.

Dated: Brooklyn, New York
      December 5, 2023

/s/ LDH
L<small>A</small>SHANN D<small>E</small>ARCY HALL
United States District Judge

---

[5] *See e.g.*, *United States v. Manosalvas-Lino*, No. 8:16-CR-18-CEH-JSS, 2022 WL 17177316, at *2 (M.D. Fla. Nov. 23, 2022) (Defendant sentenced in July 2016 "is therefore not eligible for a reduction in sentence based on Amendment 782 because he was already sentenced in accordance with it"); *United States v. Shanklin*, No. 3:14-CR-00080-1, 2018 WL 5044557, at *2 (M.D. Tenn. Oct. 17, 2018) (observing that "Amendment 782 already was in effect at the time Shanklin was sentenced [in November 2015]; thus, he was sentenced using guidelines that already had incorporated Amendment 782"); *United States v. Castelo-Meza*, No. 220-CR-00045-GMNEJY1, 2021 WL 1565782, at *2 (D. Nev. Apr. 21, 2021) (denying motion for sentence reduction because "Amendment 782 was already in effect at the time of Defendant's sentencing" in July 2020).